WILLIAM J. FRIMEL (Bar No. 160287)
**SEUBERT FRENCH FRIMEL & WARNER LLP**
1075 Curtis Street
Menlo Park, CA 94025
Tel: 650.322.3048

Attorneys for Plaintiff
LA JOLLA COVE INVESTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA COVE INVESTORS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD SURVEILLANCE GROUP INC., a Delaware Corporation, DRONE AVIATION HOLDING CORP., a Nevada Corporation,<br><br>Defendants. | **DEFENDANT LA JOLLA COVE INVESTORS, INC.'S COMPLAINT**<br><br>Case No. |

Plaintiff La Jolla Cove Investors, Inc., for its Complaint, alleges as follows against Defendant World Surveillance Group Inc. ("WSGI") and Drone Aviation Holding Corp. ("Drone"):

## GENERAL ALLEGATIONS

### The Parties, Jurisdiction And Venue

1.     At all times mentioned herein, La Jolla was a corporation organized and existing under the laws of the State of California, with its principal place of business in La Jolla, California.  La Jolla is an investment company focused on private money lending.

2.     La Jolla is informed and believes, and thereon alleges, that at all times mentioned

herein, WSGI was a corporation organized and existing under the laws of the State of Delaware. WSGI is engaged in the business of developing unmanned aerial vehicles.

3. La Jolla is informed and believes, and thereon alleges, that at all times mentioned herein, Drone was a corporation organized and existing under the laws of the State of Nevada.

4. This Court has jurisdiction pursuant to diversity of the parties under 28 USC § 1332, in that the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Jurisdiction over the parties exists because, among other things, Defendants committed intentional torts that were expressly aimed at California and knowingly caused injury in California and otherwise purposefully directed their activities towards residents of California, including but not limited to La Jolla.

6. The Settlement Agreement and Mutual Release between WSGI and La Jolla (the "Settlement Agreement"), which is at issue, and which is attached hereto as Exhibit A, states that disputes regarding the interpretation and/or effect of it "shall be submitted to, and the Parties agree that exclusive jurisdiction and venue are proper in, the United States District Court for the Northern District of California."

7. The prior action between the La Jolla and WSGI, from which the Settlement Agreement at issue arose, was *World Surveillance Group, Inc. v. La Jolla Cove Investors, Inc.*, U.S. District Court (N.D. Cal.), Case No. 3:13-cv-03455 JD (the "Prior Action"). The Prior Action was venued in the San Francisco division of the Northern District of California.

8. Venue is further proper in this district as a substantial part of the events or omissions giving rise to the claim occurred here and the Defendants are subject to the Court's personal jurisdiction with respect to this action in this venue.

**La Jolla And WSGI's Agreements, And WSGI's Related Indebtedness To La Jolla**

9. On or about January 25, 2012, La Jolla and WSGI entered into several contracts concerning La Jolla's agreement to invest money in WSGI, and WSGI's corresponding duty to issue and sell stock to La Jolla. Specifically, La Jolla and WSGI agreed to and executed (1) the

Securities Purchase Agreement (2) the Equity Investment Agreement and (3) the 4¾% Secured Convertible Debenture (the "Debenture") (collectively, the "Agreements").

10. Pursuant to the Agreements, WSGI began accruing a debt to La Jolla, which it failed to pay. WSGI also failed to pay La Jolla for the parties' agreed upon finder's fee, as well as interest on the Debenture. As a result, WSGI owed La Jolla a substantial amount of money.

### WSGI Baselessly Sues La Jolla

11. Despite WSGI's clear breaches of its Agreements with La Jolla, WSGI rushed to court so it could be the plaintiff, and in a misguided assumption that filing suit would force La Jolla to either walk away from the money it was owed, or settle for far less than it was owed. WSGI filed suit against La Jolla in late July 2013 for alleged breach of the Agreements.

### Drone "Strips" WSGI Of Its Assets

12. In or about June 2014, and while the Prior Action was pending, Mr. Travis Huff, the Portfolio Manager at La Jolla, had a phone call and subsequent in-person meeting with an individual named Kevin Fickle, the President of NUWA Group. Apparently unaware that La Jolla was in litigation with WSGI regarding WSGI's non-payment, Mr. Fickle boasted about the fact that he and his company, per the direction of WSGI and DRNE's management team, had "stripped WSGI of its assets and put them into DRNE," or Drone. Mr. Fickle further volunteered that (a) the assets sale was done specifically to avoid WSGI's growing liabilities to its creditors and (b) Drone did not pay full/proper consideration for the assets.

13. At the time WSGI was "stripped of its assets," WSGI owed a substantial amount of money to La Jolla.

### The Settlement Agreement And Its Terms

14. On or about December 23, 2014, the parties entered into the Settlement Agreement, which resolved certain disputes among the parties, including but not limited to those raised in the Prior Action.

15. Pursuant to Paragraph 1 of the Settlement Agreement, WSGI was to pay La Jolla $290,000.00, with $150,000.00 due on or before December 19, 2014, and the remaining balance

1  of $140,000.00 due in monthly installments of $20,000.00 on the 19th day of the month,
2  beginning on January 19, 2015, and ending on July 19, 2015.

3      16.    Paragraph 2.a of the Settlement Agreement provides that if any payment is not
4  received by 5:00 p.m. PST on the date due, La Jolla may provide a Notice of Default.

5      17.    Pursuant to Paragraph 2.b. of the Settlement Agreement, if WSGI fails to make
6  any outstanding payment within 10 days of a Notice of Default, a Payment Default will be
7  deemed to occur, and La Jolla "shall be entitled to judgment in the amount of three hundred
8  ninety-thousand dollars ($390,000.00), less any payments made by [WSGI] pursuant to this
9  Settlement Agreement."

10     18.    Under Section 2.c of the Settlement Agreement, any time after a Payment Default,
11 La Jolla may, after providing 24 hours' notice, submit the parties' Stipulation for Entry of
12 Judgment and Judgment ("Stipulated Judgment").  A true and correct copy of the Stipulated
13 Judgment is attached hereto as Exhibit B.

## WSGI's Breach Of The Settlement Agreement

15     19.    WSGI made the following payments under the Settlement Agreement on the
16 following dates:

17     a.    December 22, 2014, $150,000.00
18     b.    January 23, 2015, $20,000.00
19     c.    February 19, 2015, $20,000.00
20     d.    March 17, 2015, $20,000.00

21     20.    Pursuant to Paragraph 1.b. of the Settlement Agreement, WSGI was to have paid
22 La Jolla $20,000 by April 19, 2015.  Despite its promises to pay, WSGI failed to make its April
23 19, 2015 payment, or any payments thereafter.  La Jolla is informed and believes, and on that
24 basis alleges, that due to its transfer to Drone, WSGI did not have adequate assets to satisfy its
25 obligations under the Settlement Agreement, and that it knew this was the case when in entered
26 into the Settlement Agreement.

27     21.    On April 28, 2015, La Jolla provided notice to Glenn D. Estrella, President and
28

1  CEO of WSGI (the "Notice"), indicating that an Event of Default had occurred under the
2  Settlement Agreement, pursuant to Paragraph 2.a.  Attached hereto as Exhibit C is a true and
3  correct copy of the Notice.

4        22.      In accordance with Paragraph 2.a. of the Settlement Agreement, the Notice was
5  sent by overnight mail to Mr. Estrella at the address set forth in the Settlement Agreement, as well
6  as by email.  Attached hereto as Exhibit D is a true and correct copy of an email confirming the
7  overnight delivery and the email to Mr. Estrella regarding and attaching the Notice.

8        23.      On April 28, 2015, and in accordance with Paragraph 2.a of the Settlement
9  Agreement, La Jolla's counsel sent an email to William Weisberg, counsel for WSGI, in which he
10 included a copy of La Jolla's notice to Glenn D. Estrella, President and CEO of WSGI, indicating
11 that an Event of Default had occurred under the Settlement Agreement.  Attached hereto as
12 Exhibit E is a true and correct copy of said email.

13       24.      Paragraph 2.b. of the Settlement Agreement provides that, if WSGI fails to make
14 an outstanding payment within 10 days of a Notice of an Event of Default, a Payment Default
15 will be deemed to occur, and La Jolla (1) will be entitled to judgment and (2) may enter a
16 Stipulated Judgment.  WSGI did not make its outstanding payment within 10 days of the Notice,
17 or otherwise respond to the Notice.

18       25.      Pursuant to Section (4) of the Stipulated Judgment,

> It is agreed that the accurate and correct declaration of any employee or attorney of La Jolla Cove Investors, Inc. shall be sufficient, subject to verification by the Court with the parties, to establish the exact Amount Owed pursuant to this Stipulation and shall be sufficient to secure the issuance of a writ of execution, in accordance with the terms set forth herein.

23       26.      As set forth above, a total amount of $210,000.00 has been paid by WSGI to date.
24 No payments have been made since March 17, 2015.  As a result, $180,000.00 is the Amount
25 Owed under the Settlement Agreement.

## FIRST CAUSE OF ACTION

### (Breach Of Contract)

### As To WSGI

27.     La Jolla re-alleges and incorporates herein by reference the previous allegations as if fully set forth herein.

28.     The Settlement Agreements is a valid, enforceable contract between the parties.

29.     La Jolla fully performed each of its obligations under the Settlement Agreement, or the performance of those obligations has been prevented or excused.

30.     WSGI breached the terms of the Settlement Agreement, as set forth more fully above.

31.     As a direct and proximate result of WSGI's breaches, La Jolla has suffered and continues to suffer damages in an amount of $180,000.00, plus interest.

## SECOND CAUSE OF ACTION

### (Intentional Misrepresentation — Promise Without The Intent To Perform)

### As To WSGI

32.     La Jolla re-alleges and incorporates herein by reference the previous allegations as if fully set forth herein.

33.     WSGI entered into the Settlement Agreement with La Jolla.

34.     La Jolla is informed and believes, and on that basis alleges, that due to its transfer of assets to Drone, WSGI did not have adequate assets to satisfy its obligations under the Settlement Agreement, and that it knew this was the case when in entered into the Settlement Agreement.

35.     La Jolla is informed and believes, and on that basis alleges, that WSGI entered into the Settlement Agreement with the intent to induce La Jolla's reliance on the promises set forth therein.

36.     La Jolla justifiably relied on WSGI's promises, and on that basis dismissed its counterclaims against WSGI.

37. La Jolla's justifiable reliance resulted in damage to La Jolla, as set forth above.

38. WSGI's conduct constituted promissory fraud, in violation of Cal. Civ. Code § 1710(4) ["a promise, made without any intention of performing it"].

39. WSGI's acts were done maliciously, oppressively and/or with the intent to defraud. Consequently, La Jolla is entitled to punitive and exemplary damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### (Fraudulent Transfer And Conspiracy To Commit Same)

### As To All Defendants

40. La Jolla re-alleges and incorporates herein by reference the previous allegations as if fully set forth herein.

41. As set forth more fully above, the conveyance or "stripping" of assets was made by WSGI to Drone without fair consideration.

42. As set forth more fully above, at the time of the conveyance, WSGI was insolvent in that the present fair salable value of its assets was less than the amount that was required to pay its probable liability on its existing debts as they become absolute and matured, including but not limited to WSGI's debts to La Jolla. La Jolla is informed and believes, and on that basis alleges, that Drone was aware of these facts.

43. As set forth more fully above, the conveyance was made by WSGI with an intent to defraud its creditors, including La Jolla, and accepted by Drone with knowledge of the same.

### FOURTH CAUSE OF ACTION

### (Unfair Business Practices)

### As To All Defendants

44. La Jolla re-alleges and incorporates herein by reference the previous allegations as if fully set forth herein.

45. Defendants' (1) fraudulent misrepresentations identified above and (2) fraudulent conveyances constitute unfair competition and unlawful business practices in violation of

Business and Professions Code Section 17200 *et seq.*

46. Defendants have caused loss and damage to La Jolla. EG has suffered injury to its business and profit in an amount as yet unknown but to be proven at trial.

**PRAYER FOR RELIEF**

1. For damages;
2. For punitive damages;
3. For attorneys' fees;
4. For costs;
5. For interest;
6. For an order from this court that the transfer from WSGI to Drone be set aside and voided to the extent necessary to satisfy La Jolla's claims and interest;
7. For an order enjoining Drone from selling, encumbering, or disposing of the property transferred to it by WSGI; and
8. For other further legal and/or equitable relief as the Court deems just and proper.

Dated: August 19, 2015         **SEUBERT FRENCH FRIMEL & WARNER LLP**

By _____
WILLIAM J. FRIMEL
Attorneys for Plaintiff
LA JOLLA COVE INVESTORS, INC.

-8-

**LA JOLLA COVE INVESTORS, INC.'S COMPLAINT**

**VERIFICATION**

I, Travis Huff, am a Portfolio Manager of La Jolla Cove Investors, Inc., Plaintiff in this action. I have read the La Jolla's Complaint, and am familiar with its contents. Based on my knowledge, the Complaint is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on  MONDAY AUG 17 , 2015, at  OCCIDENTAL , California.

_____
TRAVIS HUFF